**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DAVID E. BIRDSALL,

      Plaintiff,

v.                                  No.  14cv341 WJ/KBM

ALBUQUERQUE POLICE DEPARTMENT, *et al.*,

      Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO PROCEED**
***IN FORMA PAUPERIS* AND DISMISSING CERTAIN DEFENDANTS**

    **THIS MATTER** comes before the Court on Plaintiff David E. Birdsall's Application to Proceed in District Court without Prepaying Fees or Costs.  (Doc. 2, filed April 4, 2014).  For the reasons stated below, the Court will **GRANT** the application and **DISMISS** the claims against certain defendants **without prejudice.**

**Motion to Proceed *in forma pauperis***

    Plaintiff filed his Application to Proceed in District Court Without Prepaying Fees or Costs on April 11, 2014.  (Doc. 2).  The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit in support of his application in which he declares that he is unable to pay the costs of these proceedings and declares under penalty of perjury that the information regarding his income is true.  Plaintiff states that he is unemployed, that his total monthly expenses ($810) exceed his total monthly income ($737), and that he has no assets.

**Dismissal of Claims in *In Forma Pauperis* Proceedings**

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2).  "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."  *Id.*  The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level.  *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

**The Complaint**

Plaintiff alleges that he was falsely arrested.  (*See* Doc. 1 at 3).  Plaintiff, who lives at a motel, was called to the motel office, ordered to stay at the motel office while his room was searched, and then was ordered to return to his room and stay there.  Plaintiff was told to keep

his hands where they could be seen or Plaintiff would be shot.  Plaintiff subsequently amended his Complaint stating that there was retaliatory action against him and that he has been harassed and threatened since filing his first Complaint.  (*See* Doc. 4 at 5).

**Dismissal of Claims against Certain Defendants**

The Court dismisses the claims against the Albuquerque Police Department because it is not a separate suable entity.  "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983."  *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).

The Court dismisses the claims against the Chief of the Albuquerque Police Department without prejudice.  The only allegation in Plaintiff's Complaint against the APD Chief is that he "oversees police officers."  (Doc. 4 at 2).  "[T]o establish a § 1983 claim against a supervisor for the unconstitutional acts of his subordinates, a plaintiff must first show the supervisor's subordinates violated the constitution [and then] must show an 'affirmative link' between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates . . . mere negligence is not enough to hold a supervisor liable under § 1983 . . . a plaintiff must establish that the supervisor acted knowingly or with deliberate indifference that a constitutional violation would occur."  *Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151-1152 (10th Cir. 2006).  Plaintiff's Complaint contains no allegations that the APD Chief acted knowingly or with deliberate indifference that a constitutional violation would occur.

The Court dismisses the claims against the unknown APD officer without prejudice. "Courts have generally recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996); 2 Moore's Federal Practice § 10.02[d][i] (3d ed. 2014) ("A plaintiff using the John Doe appellation must not only allege that the defendant is unknown, but also provide, or attempt to provide, an adequate description or other known information so that service of process can at least be attempted."). "If reasonable inquiry would have revealed the true identity, a pleading naming John Doe defendants will be dismissed." 2 Moore's Federal Practice § 10.02[d][i] (3d ed. 2014).*; see Stratton v. City of Boston*, 731 F.Supp. 42, 45 (D.Mass. 1989) (dismissing case against unknown defendants and allowing plaintiffs leave to file an amended complaint where facts presented in submissions before the court make it appear that the plaintiffs could have inquired and obtained the names of the police officers on duty). Plaintiff has not provided an adequate description or other information regarding the unknown APD officer so that service of process can at least be attempted, and has not indicated that he made any inquiry to determine the identity of the unknown APD officer.

**Amendment of Complaint**

The Amended Complaint is difficult to understand. The factual background in the Complaint appears to reference three individuals: (1) the motel manager; (2) the "hotel officer" or "motel police," who is perhaps a security guard; and (3) an un-named Albuquerque Police officer. Because many of the allegations are in the passive voice, it is not clear which individual performed each of the acts described in the Complaint. In addition, Plaintiff's retaliation allegation is not supported by any factual allegations. *See Hall v. Bellmon*, 935 F.2d 1106, 1110

4

(10th Cir. 1991) (conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based; the court need not accept conclusory allegations as true).

Despite liberal construction of Plaintiff's Amended Complaint, Plaintiff has not alleged sufficient facts on which a recognized legal claim could be based.  Plaintiff may, within 30 days of entry of this Order, amend his Complaint.  *See Hall v. Bellmon*, 935 F.2d at 1110 ("plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint"); *Montana v. Hargett*, 84 Fed.Appx. 15, 17 (10th Cir. 2003) ("While we have held that a sua sponte dismissal pursuant to § 1915(e)(2) need not be preceded by notice and an opportunity to amend when amendment would be futile, a district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim").  Failure to amend the Complaint within 30 days of entry of this Order will result in dismissal of this case.

**IT IS THEREFORE ORDERED** that Plaintiff David E. Birdsall's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2, filed April 11, 2014) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff shall amend his Complaint within 30 days of entry of this Order**.**  Failure to do so will result in dismissal of this case.

_____
**UNITED STATES DISTRICT JUDGE**